UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO.  03-240

SAFECO INSURANCE COMPANY,                                                                    PLAINTIFF,


v.                                        **OPINION & ORDER**


GARY RITZ, Individually, NOLITTA RITZ,
Individually, JASON D. GREEN, and
WILLIAM A. WEBB,                                                                                       DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the parties' memoranda regarding this Court's subject matter jurisdiction over this action.  For the following reasons, the Court will exercise jurisdiction over this matter.

**I.      FACTS.**

**A.      Parties' Citizenship.**

On August 1, 2003, the Plaintiff Safeco Insurance Company ("Safeco") filed this action for declaratory relief.  (Rec. No.1, Complaint).  Safeco is a Washington citizen.  The Defendants are Gary and Nolitta Ritz (the "Ritzes"), Jason D. Green and William A. Webb.   The Defendants are all Kentucky citizens.

**B.      Traffic Accident with Bialkoski and Spradlin.**

The Ritzes' car was insured by Safeco.  The policy contained a provision for bodily injury liability and for underinsured motorist coverage.  The limits of liability were $25,000 per person and $50,000 per occurrence.  On or about June 18, 2002, the Ritzes' son, Josh, drove Defendant William A. Webb's son, Shane, and Defendant Jason Green to the store in his parent's insured car.  (Rec. No.

1, Complaint, ¶ 14). Josh hit another vehicle which was driven by Gertie Bialkoski with Roy Spradlin as a passenger. (Rec. No. 1, Complaint, ¶ 15). All the individuals involved sustained bodily injuries. (Rec. No. 1, Complaint, ¶ 17).

### C. Safeco Settles with Bialkoski and Spradlin for Policy Limits.

On or about June 20, 2002, an attorney for Bialkoski and Spradlin informed Safeco that they would be making a claim. (Rec. No. 1, Complaint, ¶ 19). On or about July 29, 2002, Safeco contacted Shane Webb's mother to inform her that the Ritz's policy limits were not very high. (Rec. No. 1, Complaint, ¶ 20). On or about October 10, 2002, Safeco received the basic reparation benefits application from Jason. Safeco sent him a letter informing him that the policy's coverage limits had already been exhausted. (Rec. No. 1, Complaint, ¶ 22).

On or about December 18, 2002, counsel for Bialkoski and Spradlin informed Safeco that Bialkoski's bills for medical treatment arising from injuries allegedly sustained in the accident were more than $50,000 and that Spradlin's bills were more than $20,000. (Rec. No. 1, Complaint, ¶ 23).

As of December 23, 2002, Safeco had received no indication from Jason or Shane that they desired to pursue a bodily injury claim. (Rec. No. 1, Complaint, ¶ 24). By January 7, 2003, Safeco informed Nolitta Ritz that even if liability for the accident could be apportioned equally to the operators of the two vehicles involved, the value of the bodily injury claims of Bialkoski and Spradlin were more than Ritz's policy limits. (Rec. No. 1, Complaint, ¶ 25). On or about February 24, 2003, Bialkoski and Spradlin each demanded $25,000 from Safeco. (Rec. No. 1, Complaint, ¶ 27).

On or about March 7, 2003, with Nolitta Ritz's agreement, Safeco sent a letter to counsel for Bialkoski and Spradlin offering them $25,000 each contingent on full and final release. (Rec. No.

1, Complaint, ¶ 31). On or about May 29, 2003, Safeco settled the claims of Bialkoski and Spradlin. Safeco states that, at the time, it had received no notice of any other bodily injury claims. (Rec. No. 1, Complaint, ¶ 32).

      **D.**      **Webb Makes Claim and Safeco Files this Action.**

On or about June 19, 2003, Shane Webb's counsel made a claim to Safeco for injuries he allegedly sustained in the accident. (Rec. No. 1, Complaint, ¶ 34). In its Complaint, Safeco states, it believes Webb will file suit against it. (Rec. No. 1, Complaint, ¶ 35). Safeco also states that it is "also reasonable to anticipate that Jason Green may now also file suit." (Rec. No. 1, Complaint, ¶ 35). In his pleadings, William Webb states that Shane Webb has now filed a claim in Johnson Circuit Court against Joshua Ritz to recover for bodily injury sustained as a result of the accident. (Rec. No. 44, Memorandum at 4). There is no evidence in the record as to when that action was filed.

Safeco filed this action on August 5, 2003, seeking a declaration that it is not obligated under the policy's liability or underinsured motorist coverage and that it has no duty to defend the Ritzes in a lawsuit by Shane Webb or Jason Green. (Rec. No. 1, Complaint, Prayer for Relief, ¶ 3). Safeco further seeks a declaration that it acted reasonably and in good faith in settling the claims of Bialkoski and Spradlin. (Rec. No. 1, Complaint, Prayer for Relief, ¶ 6).

The Ritzes filed an answer to Safeco's Complaint stating that they demand that Safeco provide a defense to any further claims against the Ritzes and for payment of claims made by any additional claimaints. (Rec. No. 3, Response at 4). The Ritzes also filed a Counterclaim charging that Safeco acted in bad faith in settling the claims with Bialkoski and Spradlin and in not allocating a portion of the coverage to other individuals that were injured in the wreck. The Ritzes demand a

declaration that Safeco is obligated to defend them and to pay any potential judgments against them. (Rec. No. 3, Ritz Response). Defendant William Webb filed an answer to Safeco's complaint. (Rec. No. 13, Answer). Defendant Jason Green has not filed an answer.

On October 26, 2004, this Court granted the Ritzes' counsel motion to withdraw as counsel. (Rec. No. 31, Order). On December 2, 2004, this Court conducted a telephonic status conference and sua sponte raised the issue of whether federal subject matter jurisdiction existed in this matter. The Court ordered Safeco to file a memorandum in support of its position that federal subject matter jurisdiction exists in this matter. (Rec. No. 38, Minute Entry).

### II. ANALYSIS.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide for its own subject matter jurisdiction. The Plaintiff must establish that the district court has either diversity jurisdiction or federal question jurisdiction before the Court can entertain a declaratory action. In this case, Safeco contends this Court has diversity jurisdiction.

Under 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over any action where there is diversity of citizenship and the amount in controversy exceeds $75,000. Where a plaintiff files a case in federal court "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 395 (1938)). In other words, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.*

In declaratory judgment actions, the amount in controversy is measured by "the value of the object of the litigation." *Cincinnati Insurance Co. v. Zen Design Group, Ltd.*, 329 F.3d 546, 548 (6th Cir. 2003). Here, the object of the litigation is Safeco's obligation under an insurance policy with

a $50,000 liability limit; the costs of defending the Ritzes in the lawsuit filed by Shane Webb; and Safeco's damages in a bad faith lawsuit, including punitive damages. Thus, jurisdiction in this action is proper because the value of the object of the litigation exceeds $75,000.

After determining it has subject matter jurisdiction, the Court must evaluate whether this case is appropriate for declaratory judgment under the Declaratory Judgment Act. In deciding whether to exercise its discretionary jurisdiction, this Court should consider the following factors:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;'

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996).

This declaratory judgment action would settle the issues in controversy in this litigation: Safeco's duty to defend the Ritzes in actions by Webb and Green; Safeco's obligation to pay Webb and Green if the Ritzes are found liable for their damages; and the issue of whether Safeco acted in bad faith in settling with two claimants where two other potential claimants existed. The only two potential claimants are parties to this lawsuit. There is no evidence in the record that these issues are being litigated in the state court action. Rather, the Court assumes that the state court action involves the issues of whether Josh Ritz is liable for Shane Webb's damages and, if so, the amount of Shane Webb's damages. Safeco is not a party to that suit. Instead, it simply issued the insurance policy

to the Ritzes covering the Ritzes' liability for certain damages arising from automobile accidents Safeco does not appear to contest the fault of its insureds. Instead, it argues that it properly paid two claimants the full policy limit. Thus, the facts regarding the underlying tort case will not be relevant to this action.

Further, the declaratory judgment would serve a useful purpose in clarifying Safeco's obligations to the Ritzes. "Indeed, a declaratory judgment action is an appropriate avenue to determine whether an insurer has a duty to defend or indemnify an insured." *TIG Insurance Co. v. Merryland Childcare and Development Center,* Inc., 2005 WL 1923115 (W.D. Tenn. 2005) (quoting *NGK Metals Corp. v. National Union Fire Ins. Co.*, 2005 WL 1115925, at *2 (E.D. Tenn. 2005).

As to whether this action is merely being used as a "race to res judicata" or for "procedural fencing," that does not appear to be the case here. Again, it does not appear that this action will not resolve any of the legal issues in the state court action.

In determining the fourth factor, the Court is to consider "1) whether the underlying factual issues are important to an informed resolution of the case; 2) whether the state trial court is in a better position to evaluate the factual issues than is the federal court; and 3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action." *Northland Ins. Co. v. Steward Title Guar. Co.,* 327 F.3d 448, 453 (6th Cir. 2003)(citation omitted). Again, this Court is aware of no factual issues raised in the state action that are important to the resolution of the questions at issue in this federal action. Accordingly, a declaratory judgment in this action would not encroach on state jurisdiction. Moreover, there is no risk of conflicting or inconsistent state and federal rulings since the same issues are not being litigated in both forums.

Finally, the Court is aware of no remedy other than a federal declaratory action that would necessarily be better or more effective in resolving this controversy. Accordingly, in its discretion, the Court accepts jurisdiction over this action.

It is further hereby ORDERED that the Defendants shall file an answer to Safeco's Motion for Summary Judgment within 30 days from the entry date of this Opinion and Order and that any Reply shall be filed consistent with the Local Rules.

This the 7th day of October, 2005.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge