UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 03-240

SAFECO INSURANCE COMPANY                                          PLAINTIFF

v.                          **OPINION AND ORDER**

GARY RITZ, Individually, NOLITTA RITZ,
Individually, JASON D. GREEN, and
WILLIAM A. WEBB                                                   DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Extension of Time (Rec. No. 59) of the Defendants Gary and Nolitta Ritz (the "Ritzes") and the Motion for Summary Judgment (Rec. No. 56) of the Plaintiff, Safeco Insurance Company.

**I.     FACTS.**

With this action, Safeco seeks a declaration that it is not obligated under an insurance policy with the Ritzes with regard to any claims resulting from a traffic accident involving the Ritzes' son. The following recitation of facts is based on the pleadings submitted in the record of this matter.

**A.     Traffic Accident with Bialkoski and Spradlin.**

On August 5, 2003, the Plaintiff Safeco Insurance Company ("Safeco") filed this action for declaratory relief. (Rec. No.1, Complaint). Safeco is a Washington citizen. The Defendants are Gary and Nolitta Ritz (the "Ritzes"), Jason D. Green and William A. Webb. The Defendants are all Kentucky citizens.

The Ritzes' car was insured by Safeco. The limits of liability were $25,000 per

person and $50,000 per occurrence. On or about June 18, 2002, the Ritzes' son, Josh, drove Defendant William A. Webb's son, Shane, and Defendant Jason Green to the store in his parent's insured car. (Rec. No. 1, Complaint, ¶ 14). Josh hit another vehicle which was driven by Gertie Bialkoski with Roy Spradlin as a passenger. (Rec. No. 1, Complaint, ¶ 15). All the individuals involved sustained bodily injuries. (Rec. No. 1, Complaint, ¶ 17).

    **B.**    **Safeco Settles with Bialkoski and Spradlin for Policy Limits and Webb Makes Claim.**

On or about June 20, 2002, an attorney for Bialkoski and Spradlin informed Safeco that they would be making a claim. (Rec. No. 1, Complaint, ¶ 19). On or about July 29, 2002, Safeco contacted Shane Webb's mother to inform her that the Ritz's policy limits were not very high. (Rec. No. 1, Complaint, ¶ 20). On or about October 10, 2002, Safeco received the basic reparation benefits application from Jason. Safeco sent him a letter informing him that the policy's coverage limits had already been exhausted. (Rec. No. 1, Complaint, ¶ 22).

On or about December 18, 2002, counsel for Bialkoski and Spradlin informed Safeco that Bialkoski's bills for medical treatment arising from injuries allegedly sustained in the accident were more than $50,000 and that Spradlin's bills were more than $20,000. (Rec. No. 1, Complaint, ¶ 23). As of December 23, 2002, Safeco had received no indication from Jason or Shane that they desired to pursue a bodily injury claim. (Rec. No. 1, Complaint, ¶ 24). By January 7, 2003, Safeco informed Nolitta Ritz that even if liability for the accident could be apportioned equally to the operators of the two vehicles involved, the value of the bodily injury claims of Bialkoski and Spradlin were more than Ritz's

policy limits. (Rec. No. 1, Complaint, ¶ 25). On or about February 24, 2003, Bialkoski and Spradlin each demanded $25,000 from Safeco. (Rec. No. 1, Complaint, ¶ 27).

On or about March 7, 2003, with Nolitta Ritz's agreement, Safeco sent a letter to counsel for Bialkoski and Spradlin offering them $25,000 each contingent on full and final release. (Rec. No. 1, Complaint, ¶ 31). On or about May 29, 2003, Safeco settled the claims of Bialkoski and Spradlin. Safeco states that, at the time, it had received no notice of any other bodily injury claims. (Rec. No. 1, Complaint, ¶ 32).

On or about June 19, 2003, Shane Webb's counsel made a claim to Safeco for injuries he allegedly sustained in the accident. (Rec. No. 1, Complaint, ¶ 34). In its Complaint, Safeco states, it believes Webb will file suit against it. (Rec. No. 1, Complaint, ¶ 35). Safeco also states that it is "also reasonable to anticipate that Jason Green may now also file suit." (Rec. No. 1, Complaint, ¶ 35).

C.  **Safeco Files this Action.**

On August 5, 2003, Safeco filed this action seeking a declaration 1) that it is not obligated under the policy with regard to any claims resulting from the accident; 2) that it has no duty to defend the Ritzes with regard to any claims resulting from the accident (Rec. No. 1, Complaint, Prayer for Relief, ¶ 3); and 3) that it acted reasonably and in good faith in settling the claims of Bialkoski and Spradlin. (Rec. No. 1, Complaint, Prayer for Relief, ¶ 6).

The Ritzes filed an answer to Safeco's Complaint stating that they demand that Safeco provide a defense to any further claims against the Ritzes and that it pay the claims made by any additional claimants. (Rec. No. 3, Response at 4). The Ritzes also filed a

3

Counterclaim charging that Safeco acted in bad faith in settling the claims with Bialkoski and Spradlin and in not allocating a portion of the coverage to other individuals that were injured in the wreck. In their Counterclaim, the Ritzes demand a declaration 1) that Safeco is obligated to defend them and to pay any potential judgments against them; and 2) that Safeco acted in bad faith in settling the claims of Bialkoski and Spradlin. (Rec. No. 3, Ritz Response).

Defendant William Webb filed an answer to Safeco's complaint. (Rec. No. 13, Answer). Defendant Jason Green has not filed an answer. On June 1, 2004, Shane Webb filed a claim in Johnson Circuit Court against Joshua Ritz to recover for bodily injury sustained as a result of the accident. (Rec. No. 47, Webb's Response at 4, n.1).

### D.     Safeco's Motion to Bifurcate and Stay Counterclaim.

On November 5, 2003, Safeco moved to bifurcate its Complaint for Declaratory Action from the Ritzes' Counterclaim and for an Order staying the proceedings in the Counterclaim including discovery until a decision had been reached on the merits of the Declaratory Action. (Rec. No. 9). That motion was unopposed. On December 12, 2003, the Court granted the motion. (Rec. No. 14).

### E.     Court Denies Safeco's Motion for Summary Judgment.

On July 30, 2004, Safeco filed a Motion for Summary Judgment on its Declaratory Action. (Rec. No. 25). On October 20, 2004, the law firm of Preston and Daniels moved to withdraw as counsel for the Ritzes, stating that the Ritzes' attorney, Scott Preston, had died. (Rec. No. 28). This Court granted that motion and ordered the Ritzes to obtain substitute counsel within 30 days. (Rec. No. 31, Order). The Court further ordered that

the Ritzes' new counsel should respond to the Motion for Summary Judgment within 21 days of entering its appearance in this matter.

At a telephonic status conference of this matter, the Court *sua sponte* raised the issue of this Court's subject matter jurisdiction over this matter and ordered the parties to brief the issue. The Court further ruled that the Ritzes and William Webb did not have to respond to Safeco's Motion for Summary Judgment until the issue of jurisdiction had been resolved. (Rec. No. 38). By Opinion and Order dated October 7, 2005 (Rec. No. 46), the Court accepted jurisdiction over this action and ordered the Defendants to file an answer to Safeco's Motion for Summary Judgment within 30 days of the Opinion and Order. Webb responded to the Motion for Summary Judgment. Neither the Ritzes nor Green filed a response.

Again, with its Complaint, Safeco seeks a declaration 1) that it is not obligated under the policy with regard to any claims resulting from the accident; 2) that it has no duty to defend the Ritzes with regard to any claims resulting from the accident (Rec. No. 1, Complaint, Prayer for Relief, ¶ 3); and 3) that it acted reasonably and in good faith in settling the claims of Bialkoski and Spradlin. (Rec. No. 1, Complaint, Prayer for Relief, ¶ 6).

In its Motion for Summary Judgment, Safeco argued that 1) it had a right to settle the claims with Bialkoski and Spradlin under the express terms of the policy; 2) because it had a right to settle the claims, it no longer has a duty to defend the Ritzes in any future claims as a result of the accident including Shane Webb's claim; (Rec. No. 26 at 5-6); and 3) that the terms of the insurance policy are not against public policy. (Rec. No. 26 at 7).

Safeco asked the Court to declare that "the Safeco policy limits have been exhausted and no further coverage is available to any remaining claimants and no duty to defend exists as a result of the exhaustion of the limits." (Rec. No. 26 at 8).

The Court determined that the Safeco policy provision must be read to permit Safeco to settle, as it considers appropriate, any claim or suit so long as it does so "in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." The Court further determined that, because on Safeco's motion, discovery on the issue of bad faith had been stayed in this action and, hence, there was little evidence on this issue in the record, the Court could not determine whether Safeco acted in bad faith. Thus, the Court denied Safeco's Motion for Summary Judgment.

The Court further noted, however, that, the Ritzes had the burden of proving their claim that Safeco acted in bad faith when it settled with Bialkoski and Spradlin and that, if the Ritzes had abandoned their Counterclaim, the Court must find no evidence of bad faith in this matter. The Court then ordered the Ritzes to file a notice with the Court within 10 days of the entry date of this Order indicating whether they intend to prosecute their Counterclaim. The Court further Ordered that the parties should have a period of 30 days after the notice to conduct discovery on the issue of whether Safeco settled with Bialkosi and Spradlin in good faith and a period of 60 days from the date of the filing of the Ritz's notice to file dispositive motions on the bad faith issue.

On January 24, 2006, Gary Ritz filed a Notice (Rec. No. 55) stating that he fully intended to pursue the Counterclaim in this action. He further stated that he was attempting to obtain new counsel but was finding it financially difficult to do so. On

March 24, 2006, Safeco filed another Motion for Summary Judgment (Rec. No. 56). On April 18, 2006, attorney David J. Porter filed, on behalf of the Ritzes, a motion for extension of time to conduct discovery and to file a Motion for Summary Judgment on the bad faith issue (Rec. No. 59). Porter requests 30 days to complete written discovery on the issue of bad faith and 60 days to file a motion for summary judgment.[1]

## II.    ORDER.

Pursuant to this Court's Order, the Ritzes were entitled to a period of discovery that ended approximately February 24, 2006, 30 days after Gary Ritz filed a notice stating he intended to pursue his counterclaim. The Ritzes were further granted until March 24, 2006 to file a motion for summary judgment. The Ritzes, however, filed nothing until April 19, 2006, after Safeco filed a Motion for Summary Judgment. Because the Ritzes have not tendered a Motion for Summary Judgment or a response to Safeco's motion, the Court assumes that the Ritzes have conducted no discovery at all since the January 24, 2006 notice.

The Court recognizes that the Ritzes were proceeding without counsel for a period

---

[1] On May 24, 2006, Safeco notified the Court that the Ritzes filed a Chapter 7 bankruptcy on May 13, 2005. The bankruptcy action was closed on September 15, 2005. On May 16, 2006, the Ritzes moved to reopen the bankruptcy action. (Rec. No. 61). According to the bankruptcy court docket, the bankruptcy action was reopened on May 16, 2006. No party has moved for a stay of these proceedings. Moreover, the Court finds the automatic stay accorded by 11 U.S.C. § 362 does not prevent the Court from ruling on the motions pending in this matter. Section 362(a) provides that an automatic stay is imposed when a *petition* is filed under section 301, 302 or 303 of Title 11. 11 U.S.C. § 362(a). There is no provision that imposes an automatic stay upon the *reopening* of a bankruptcy case. Accordingly, the reopening of the Ritzes' bankruptcy does not automatically stay this action. *See*, *In re Phenylpropanolamine Product Liability Litigation*, 2006 WL 2136722 at *1 (W.D.Wash. 2006)("weight of authority. . . supports the conclusion that re-opening of the bankruptcy proceedings does not reinstate an automatic stay"); *Allison v. Commissioner*, 97 T.C. 544, 546-48 (1991).

of time. Nevertheless, the lenient treatment generally afforded to pro se litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id*. The deadlines imposed by the Court were easily understood.

Furthermore, the Ritzes have not been active in this matter for some time. They have filed nothing substantive since their Answer and Counterclaim which was filed on September 9, 2003. On October 26, 2004, the Court ordered the Ritzes to obtain new counsel within 30 days. The Ritzes failed to do so and, in fact, did not obtain counsel until April 2006. They also failed to respond to Safeco's first Motion for Summary Judgment or to Safeco's Motion to Dismiss its Counterclaim. The Court has afforded the Ritzes sufficient time to obtain counsel and respond to Safeco's motions for judgment as a matter of law. Given the length of time this matter has been pending, granting the Ritzes any additional time would result in substantial prejudice to Safeco.

Finally, the Court has reviewed Safeco's Motion for Summary Judgment and finds that, for the reasons stated in Safeco's accompanying memorandum of law (Rec. No. 56), that Safeco is entitled to judgment in its favor.

Accordingly, for all the above reasons, the Court hereby ORDERS as follows:

1) the Ritzes' Motion for Extension of Time (Rec. No. 59) is DENIED;

2) Safeco's Motion for Summary Judgment (Rec. No. 56) is GRANTED;

3) the Court hereby DECLARES that 1) Safeco is not obligated under its insurance policy with the Ritzes with regard to any claims resulting from

       the accident involving their son Joshua Ritz that occurred on or about June 18, 2002; 2) Safeco has no duty to defend the Ritzes with regard to any claims resulting from the accident; and 3) Safeco acted reasonably and in good faith in settling the claims of Gertie Bialkoski and Roy Spradlin;

3)     the Ritzes' Counterclaim is DISMISSED; and

4)     this action is STRICKEN from the active docket of this Court.

Dated this 5th day of December, 2006.

**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**